## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:18-cv-00836-KMT

KYRA MOULTON,

Plaintiff,

v.

LM GENERAL INSURANCE COMPANY,

Defendant.

---

## ANSWER

---

Defendant LM General Insurance Company (hereinafter "Defendant" or "LM General"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, hereby answers Plaintiff's Civil Complaint and Jury Demand ("Complaint") as follows:

### JURISDICTION AND VENUE

1.     With respect to the allegations set forth in paragraph 1 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff is a resident and citizen of the State of Colorado.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint, and therefore denies the same.

2.     With respect to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Defendant admits that LM General Insurance Company is an Illinois corporation that maintains its principal place of business in Boston, Massachusetts, and is licensed to transact the business

of insurance in Colorado.  Defendant denies any and all allegations set forth in paragraph 2 of Plaintiff's Complaint not expressly admitted herein.

3.      With respect to the allegations set forth in paragraph 3 of Plaintiff's Complaint, Defendant admits that it is licensed to transact the business of insurance in the State of Colorado. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint, and therefore denies the same.

4.      Defendant admits that allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

8.      With respect to the allegations set forth in paragraph 8 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff was a passenger in a vehicle that was involved in an automobile accident on August 2, 2015.  Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.      With respect to the allegations set forth in paragraph 9 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff was a passenger in a motor vehicle which was involved in an automobile accident on August 5, 2015.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.      With respect to the allegations set forth in paragraph 12 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Corey Allen ran a red light at the time of the accident.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 12 of Plaintiff's Complaint, and therefore denies the same.

13.      Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of Plaintiff's Complaint, and therefore denies the same.

14.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.     With respect to the allegations set forth in paragraph 17 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff received certain treatment following the August 2, 2015 accident and was released to return to work by her treating neurologist.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of Plaintiff's Complaint, and therefore denies the same.

20.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of Plaintiff's Complaint, and therefore denies the same.

21.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of Plaintiff's Complaint, and therefore denies the same.

23.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24.     With respect to the allegations set forth in paragraph 24 of Plaintiff's Complaint, Defendant admits that it issued an automobile policy to Kyra M. Glore, policy no. AOS-298-174026-40, effective November 13, 2014 to November 13, 2015 ("Policy"), which afforded uninsured/underinsured motorist coverage subject to a limit of $250,000 per person and additional terms, conditions and limitations.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 24 of Plaintiff's Complaint, and therefore denies the same.

25.     With respect to the allegations set forth in paragraph 25 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff received $25,000 in primary underinsured motorist coverage from GEICO as a result of the accident.  Defendant is without

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 25 of Plaintiff's Complaint, and therefore denies the same.

26.      With respect to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendant admits that premiums were paid for the Policy.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27.      With respect to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendant admits that it issued the Policy under which Plaintiff was afforded uninsured/underinsured motorist coverage, subject to applicable terms, conditions and limitations.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 27 of Plaintiff's Complaint, and therefore denies the same.

28.      With respect to the allegations set forth in paragraph 28 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff received $100,000 in liability insurance coverage as a result of the August 2, 2015 accident.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29.      With respect to the allegations set forth in paragraph 29 of Plaintiff's Complaint, Defendant admits that it extended permission to Plaintiff to settle her claims against Corey Allen in exchange for his policy limits of $100,000 from Allstate.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 29 of Plaintiff's Complaint, and therefore denies the same.

30.     With respect to the allegations set forth in paragraph 30 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff received $25,000 in primary underinsured motorist coverage from GEICO as a result of the accident, in addition to the $100,000 liability limits that she received from Allstate.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 30 of Plaintiff's Complaint, and therefore denies the same.

31.     With respect to the allegations set forth in paragraph 31 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff received $25,000 in primary underinsured motorist coverage from GEICO as a result of the accident.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32.     With respect to the allegations set forth in paragraph 32 of Plaintiff's Complaint, Defendant admits, upon information and belief, that Plaintiff, through her attorney, sent demand letters to the various insurance carriers.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of Plaintiff's Complaint, and therefore denies the same.

34.     With respect to the allegations set forth in paragraph 34 of Plaintiff's Complaint, Defendant admits that at some point, Plaintiff, through her attorney, demanded underinsured motorist benefits under the Policy.  Defendant is without information or knowledge sufficient to

form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 34 of Plaintiff's Complaint, and therefore denies the same.

35.     With respect to the allegations set forth in paragraph 35 of Plaintiff's Complaint, Defendant admits that Plaintiff, through her attorney, demanded underinsured motorist benefits under the Policy. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 35 of Plaintiff's Complaint, and therefore denies the same.

36.     With respect to the allegations set forth in paragraph 36 of Plaintiff's Complaint, Defendant admits that Plaintiff, through her attorney, conveyed a report from Jeff Opp to Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 36 of Plaintiff's Complaint, and therefore denies the same.

37.     With respect to the allegations set forth in paragraph 37 of Plaintiff's Complaint, Defendant admits that Plaintiff, through her attorney, conveyed a report from Jeff Opp to Defendant, and by way of further response, Defendant states that Plaintiff was released to return to work by her neurologist.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 37 of Plaintiff's Complaint, and therefore denies the same.

38.     With respect to the allegations set forth in paragraph 38 of Plaintiff's Complaint, Defendant admits that at some point, Plaintiff, through her attorney, wrote to Defendant demanding underinsured motorist benefits under the Policy. Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 38 of Plaintiff's Complaint, and therefore denies the same.

39.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of Plaintiff's Complaint, and therefore denies the same.

40.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of Plaintiff's Complaint, and therefore denies the same.

41.     With respect to the allegations set forth in paragraph 41 of Plaintiff's Complaint, Defendant admits that it fairly evaluated Plaintiff's underinsured motorist claim, including reviewing the medical records and information received.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 41 of Plaintiff's Complaint, and therefore denies the same.

42.     Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.     With respect to the allegations set forth in paragraph 43 of Plaintiff's Complaint, Defendant admits that it requested information from Plaintiff, through her attorneys, in order to evaluated her underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 43 of Plaintiff's Complaint, and therefore denies the same.

44.     With respect to the allegations set forth in paragraph 44 of Plaintiff's Complaint, Defendant admits that it conveyed an offer of underinsured motorist benefits to Plaintiff of

$25,000, in addition to the $125,000 that Plaintiff received from the at-fault tortfeasor's insurer and the primary underinsured motorist carrier.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 44 of Plaintiff's Complaint, and therefore denies the same.

45.     With respect to the allegations set forth in paragraph 45 of Plaintiff's Complaint, Defendant admits that it conveyed an offer of underinsured motorist benefits to Plaintiff of $25,000.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 45 of Plaintiff's Complaint, and therefore denies the same.

46.     With respect to the allegations set forth in paragraph 46 of Plaintiff's Complaint, Defendant admits that it did not accept Plaintiff's claim of thirty-five years of future lost wages totaling $790,255.00 due, in part, to the release to return to work that Plaintiff received from her treating neurologist.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47.     With respect to the allegations set forth in paragraph 47 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent correspondence demanding additional information to Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48.     Defendant denies the allegations set forth in paragraph 48 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent various correspondence to Defendant.

49.     With respect to the allegations set forth in paragraph 49 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent various correspondence to Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 49 of Plaintiff's Complaint, and therefore denies the same.

50.     With respect to the allegations set forth in paragraph 50 of Plaintiff's Complaint, Defendant admits that it responded to Plaintiff's attorney's demands for additional information. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 50 of Plaintiff's Complaint, and therefore denies the same.

51.     With respect to the allegations set forth in paragraph 51 of Plaintiff's Complaint, Defendant admits that, as Plaintiff's attorney requested, Defendant provided Plaintiff's attorney with copies of certain medical records obtained from Plaintiff's medical providers.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 51 of Plaintiff's Complaint, and therefore denies the same.

52.     Defendant denies the allegations set forth in paragraph 52 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent various correspondence to Defendant. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 52 of Plaintiff's Complaint, and therefore denies the same.

53.     Defendant denies the allegations set forth in paragraph 53 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent various correspondence to Defendant. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 53 of Plaintiff's Complaint, and therefore denies the same.

54.     With respect to the allegations set forth in paragraph 54 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent correspondence to Defendant disagreeing with Defendant's valuation of Plaintiff's underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 54 of Plaintiff's Complaint, and therefore denies the same.

55.     Defendant denies the allegations set forth in paragraph 55 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations set forth in paragraph 56 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations set forth in paragraph 57 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations set forth in paragraph 58 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant.  Defendant is

without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of Plaintiff's Complaint, and therefore denies the same.

59.     Defendant denies the allegations set forth in paragraph 59 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant disagreeing with Defendant's valuation of Plaintiff's underinsured motorist claim.

60.     Defendant denies the allegations set forth in paragraph 60 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations set forth in paragraph 61 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 61 of Plaintiff's Complaint.

62.     Defendant denies the allegations set forth in paragraph 62 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 62 of Plaintiff's Complaint.

63.     Defendant denies the allegations set forth in paragraph 63 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 63 of Plaintiff's Complaint.

64.     With respect to the allegations set forth in paragraph 64 of Plaintiff's Complaint, Defendant admits that it extended an offer of $35,000 in underinsured motorist benefits to Plaintiff.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 64 of Plaintiff's Complaint, and therefore denies the same.

65.     Defendant denies the allegations set forth in paragraph 65 of Plaintiff's Complaint.

66.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 of Plaintiff's Complaint, and therefore denies the same.

67.     With respect to the allegations set forth in paragraph 67 of Plaintiff's Complaint, Defendant admits that it requested and obtained a recorded statement from Plaintiff.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 of Plaintiff's Complaint, and therefore denies the same.

68.     With respect to the allegations set forth in paragraph 68 of Plaintiff's Complaint, Defendant admits that it requested that Plaintiff sign release(s) to facilitate the gathering of information to enable an evaluation of her underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 68 of Plaintiff's Complaint, and therefore denies the same.

69.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 of Plaintiff's Complaint, and therefore denies the same.

70.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 of Plaintiff's Complaint, and therefore denies the same.

71.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 of Plaintiff's Complaint, and therefore denies the same.

72.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 of Plaintiff's Complaint, and therefore denies the same.

73.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 73 of Plaintiff's Complaint, and therefore denies the same.

74.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74 of Plaintiff's Complaint, and therefore denies the same.

75.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 75 of Plaintiff's Complaint, and therefore denies the same.

76.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 76 of Plaintiff's Complaint, and therefore denies the same.

77.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 77 of Plaintiff's Complaint, and therefore denies the same.

78.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 78 of Plaintiff's Complaint, and therefore denies the same.  By way of further response, Defendant notes that Plaintiff was subsequently release to return to work by her treating neurologist.

79.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 79 of Plaintiff's Complaint, and therefore denies the same.

80.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 80 of Plaintiff's Complaint, and therefore denies the same.

81.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 81 of Plaintiff's Complaint, and therefore denies the same.

82.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 82 of Plaintiff's Complaint, and therefore denies the same.

83.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 83 of Plaintiff's Complaint, and therefore denies the same.

84.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 84 of Plaintiff's Complaint, and therefore denies the same.

85.     Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 85 of Plaintiff's Complaint, and therefore denies the same.

86.     Defendant denies the allegations set forth in paragraph 86 of Plaintiff's Complaint, but admits that Plaintiff's attorney sent correspondence to Defendant disagreeing with Defendant's valuation of Plaintiff's underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 86 of Plaintiff's Complaint, and therefore denies the same.

87.     With respect to the allegations set forth in paragraph 87 of Plaintiff's Complaint, Defendant admits that it extended an offer of $35,000 in underinsured motorist benefits to Plaintiff.  Defendant denies and all allegations set forth in paragraph 87 of Plaintiff's Complaint not expressly admitted herein.

88.     With respect to the allegations set forth in paragraph 88 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent various correspondence to Defendant arguing for a different, increased valuation of Plaintiff's underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 88 of Plaintiff's Complaint, and therefore denies the same.

89.     Defendant denies the allegations set forth in paragraph 89 of Plaintiff's Complaint, and states that Plaintiff's counsel's office advised Defendant that Plaintiff's attorney, Kurt Zaner, Esq., would no longer speak to Defendant's representative on the phone and that all communication was to be in writing.

90.     With respect to the allegations set forth in paragraph 90 of Plaintiff's Complaint, Defendant admits that it reiterated its offer of $35,000 in underinsured motorist benefits to Plaintiff.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 90 of Plaintiff's Complaint, and therefore denies the same.

91.     With respect to the allegations set forth in paragraph 91 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent various correspondence to Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 91 of Plaintiff's Complaint, and therefore denies the same.

92.     With respect to the allegations set forth in paragraph 92 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent correspondence to Defendant, excerpts of which Plaintiff's counsel has quoted in paragraph 92 of Plaintiff's Complaint.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 92 of Plaintiff's Complaint, and therefore denies the same.

93.     With respect to the allegations set forth in paragraph 93 of Plaintiff's Complaint, Defendant admits that Plaintiff's attorney sent correspondence to Defendant, presenting arguments regarding the valuation of Plaintiff's underinsured motorist claim, to which Defendant responded.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 93 of Plaintiff's Complaint, and therefore denies the same.

94.     With respect to the allegations set forth in paragraph 94 of Plaintiff's Complaint, Defendant admits that it responded to Plaintiff's attorney's correspondence due, in part, to Plaintiff's attorney's refusal to speak to Defendant's representative via telephone.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 94 of Plaintiff's Complaint, and therefore denies the same.

95.     Defendant denies the  allegations set forth in paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the  allegations set forth in paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the  allegations set forth in paragraph 97 of Plaintiff's Complaint.

98.     With respect to the allegations set forth in paragraph 98 of Plaintiff's Complaint, Defendant admits that it has reiterated its offer of $35,000 in underinsured motorist benefits to Plaintiff.  Defendant denies any and all allegations set forth in paragraph 98 of Plaintiff's Complaint not expressly admitted herein.

99.     Defendant denies the  allegations set forth in paragraph 99 of Plaintiff's Complaint.

100.     Defendant denies the  allegations set forth in paragraph 100 of Plaintiff's Complaint.

101.     Defendant denies the  allegations set forth in paragraph 101 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
**Uninsured Motorist Benefits**

102.     With respect to the allegations set forth in paragraph 102 of Plaintiff's Complaint,

Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1

through 101 of Plaintiff's Complaint as if fully set forth herein.

103.     With respect to the allegations set forth in paragraph 103 of Plaintiff's Complaint,

Defendant admits that Plaintiff was an insured under the Policy.  Defendant is without

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining

allegations set forth in paragraph 103 of Plaintiff's Complaint, and therefore denies the same.

104.     With respect to the allegations set forth in paragraph 104 of Plaintiff's Complaint,

Defendant admits that the Policy afforded uninsured/underinsured motorist coverage, subject to

certain terms, conditions and limitations.  Defendant is without information or knowledge

sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

paragraph 104 of Plaintiff's Complaint, and therefore denies the same.

105.     Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations set forth in paragraph 105 of Plaintiff's Complaint, and

therefore denies the same.

106.     Defendant is without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations set forth in paragraph 106 of Plaintiff's Complaint, and

therefore denies the same.

107.     Defendant denies the allegations set forth in paragraph 107 of Plaintiff's

Complaint.

## SECOND CLAIM FOR RELIEF
**Breach of Contract**

108.    With respect to the allegations set forth in paragraph 108 of Plaintiff's Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 107 of Plaintiff's Complaint as if fully set forth herein.

109.    With respect to the allegations set forth in paragraph 109 of Plaintiff's Complaint, Defendant admits that the Policy was in effect on August 2, 2015.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 109 of Plaintiff's Complaint, and therefore denies the same.

110.    Defendant denies the allegations set forth in paragraph 110 of Plaintiff's Complaint.

111.    Defendant denies the allegations set forth in paragraph 111 of Plaintiff's Complaint.

112.    Defendant denies the allegations set forth in paragraph 112 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF
**Unreasonable Delay/Denial of a Claim for Benefits Pursuant to C.R.S. § § 10-3-1115-1116**

113.    With respect to the allegations set forth in paragraph 113 of Plaintiff's Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 112 of Plaintiff's Complaint as if fully set forth herein.

114.    Defendant denies the allegations set forth in paragraph 114 of Plaintiff's Complaint.

115.     Defendant denies the allegations set forth in paragraph 115 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
**Bad Faith**

116.     With respect to the allegations set forth in paragraph 116 of Plaintiff's Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 115 of Plaintiff's Complaint as if fully set forth herein.

117.     With respect to the allegations set forth in paragraph 117 of Plaintiff's Complaint, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing is owed by Defendant to Plaintiff, which duty is reciprocal, and Defendant further states that it acted in good faith in its handling of Plaintiff's underinsured motorist claim.  Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 117 of Plaintiff's Complaint, and therefore denies the same.

118.     Defendant denies the allegations set forth in paragraph 118 of Plaintiff's Complaint.

119.     Defendant denies the allegations set forth in paragraph 119 of Plaintiff's Complaint.

120.     Defendant denies the allegations set forth in paragraph 120 of Plaintiff's Complaint.

121.     Defendant denies any and all allegations set forth in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails, in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred by the terms and conditions of the Policy and is subject to all applicable terms, conditions, limitations and exclusions set forth in the Policy.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to the comparative fault of Plaintiff or Plaintiff's representatives.

### Fourth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate her damages, if any.

### Fifth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Defendant maintains no control or right of control.

### Sixth Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, due to the fact that a *bona fide* value dispute regarding Plaintiff's claims do not constitute grounds for the assertion of extra-contractual claims.

### Seventh Affirmative Defense

Defendant reserves the right to add additional affirmative defenses as may become known during the course of discovery in this matter.

WHEREFORE, Defendant LM General Insurance Company requests that this Court dismiss Plaintiff's Complaint with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 4th day of May, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


*s/ Brian J. Spano*
Brian J. Spano, Esq.
Lyndsay K. Arundel, Esq.
1200 Seventeenth Street, Suite 3000
Denver, CO 80202-5835
Tel.:      303.623.9000
Fax:      303.623.9222
Email:   bspano@lrrc.com
            larundel@lrrc.com

*Attorneys for Defendant*
*LM General Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of May, 2018, a true and correct copy of the foregoing **ANSWER** was electronically filed using  CM/ECF, which will send notice of such filing to the following:

Elliot Singer, Esq.
Zaner Harden Law, LLP
1610 Wynkoop St., Suite 110
Denver, CO 80202

*Attorneys for Plaintiff Kyra Moulton*

*s/ Brian J. Spano*
Brian J. Spano